UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA, Plaintiff,　　　　　Case Number CR 13-640 EMC (NC)
v.
JONTAE MAURICE ALLEN, Defendant.　　　　　ORDER OF DETENTION PENDING
　　　　　　　　　　　　　　　　　　　　　　　　TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court on October 15, 2013, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Defendant Allen was present, represented by his attorney Paul F. Demeester. The United States was represented by Assistant U.S. Attorney Damali Taylor. Allen is charged by indictment with violating 18 U.S.C. § 922(g)(1) by being a felon in possession of a firearm. He has pleaded not guilty and is presumed innocent of the charge.

The detention hearing was held publicly. Both parties were advised of their opportunity to call witnesses and present evidence. Both parties were advised of their right to appeal this detention order to the District Court.

**Part I. Presumptions Applicable**
　　/  / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.
　　This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.
　　/  / There is probable cause based upon the criminal complaint to believe that the defendant has committed an offense
　　　　A.　___　for which a maximum term of imprisonment of 10 years or
　　　　　　　　　more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or
　　　　　　　　　§ 955a et seq., OR
　　　　B.　___　under 18 U.S.C. § 924(c): use of a firearm during the commission of
　　　　　　　a felony.
　　This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.
　　/ X/ No presumption applies.
///

**PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**

/ / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.

/ / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .

Thus, the burden of proof shifts back to the United States.

**PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)** N/A

**PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The Court adopts the facts set forth in the Pretrial Services Report prepared October 8, 2013, supplemented by information presented at the hearing. The following factors establish by more than a preponderance of the evidence that no condition or combination of conditions will reasonably assure that Allen will appear at future court appearances: Allen failed to appear before this Court on September 27, 2013, as ordered, and absconded from supervision after being released on a $100,000 unsecured bond. Allen has offered no justification for his failure to appear. He also had warrants issued against him for failing to appear in 2008 and 2010 in state court.

The Court also has concerns about the safety of the community if Allen were released, but finds that those concerns potentially could be mitigated if an appropriate custodian and/or surety were identified, and strict release conditions were imposed.
///

Part V.  Directions Regarding Detention

      The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.


Dated:   October 15, 2013                      _____
                                                                      NATHANAEL COUSINS
                                                                      United States Magistrate Judge

AUSA ___, ATTY _____, PTS ____